GLEN D. ALCORN,                         )
                                        )
        Appellant,                      )
                                        )       Appeal No.
                                        )       01-A-01-9507-CH-00315
VS.                                     )
                                        )       Davidson Chancery
                                        )       No. 94-2992-II
STATE OF TENNESSEE,                     )
METRO POLICE DEPARTMENT,                )
                                        )
        Appellee.                       )

**FILED**

**December 14, 2001**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE

APPEALED FROM THE CHANCERY COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE C. ALLEN HIGH, CHANCELLOR
THE HONORABLE  ELLEN HOBBS LYLE, CHANCELLOR

GLEN D. ALCORN, PRO SE
Lake County Regional Prison
Route 1, box 330
Tiptonville, Tennessee  38079
        Pro Se Appellant

CHARLES W. BURSON
Attorney General & Reporter

MERRILYN FEIRMAN
Assistant Attorney General
500 Charlotte Avenue
Nashville, Tennessee  37243-0491
        Attorney for Appellee

AFFIRMED AND REMANDED

BEN H. CANTRELL, JUDGE

CONCUR:
LEWIS, J.
KOCH, J.

# O P I N I O N

Glen Alcorn, an inmate in the custody of the Tennessee Department of Correction, petitioned the Chancery Court of Davidson County for an order that he be furnished with copies of certain documents that he believed would be helpful in the appeal of his conviction. Mr. Alcorn asked the chancery court to compel the State of Tennessee to provide him with the transcript of jury voir dire in his trial, and to compel the Metropolitan Nashville Police Department to provide him with a copy of the investigative file in his case. The court dismissed Mr. Alcorn's petition on the ground of failure to state a claim upon which relief can be granted. We affirm the dismissal.

## I.

Mr. Alcorn apparently believes that the transcript of the voir dire will show that the court permitted the empanelment of a jury that was prejudiced against him because of the nature of the crime for which he was charged. His affidavit of indigency is in the record. Tennessee law provides a mechanism for indigent criminal defendants to obtain trial transcripts where necessary for the preparation of an appeal. Tenn Code Ann. § 40-13-309 states:

> **Partial transcript of record. --** Upon the direction of the court in the case of an indigent defendant, or at the request of any party who has agreed to pay the fee therefor a reporter designated by the court shall transcribe from the original records such parts of the proceedings as are requested in the manner prescribed by the Tennessee Rules of Appellate Procedure.

Tenn. Code Ann. § 40-13-301 indicates that not every court has the authority to direct the preparation of a trial transcript in a criminal case:

> **Definitions. --** The following words, terms and phrases, when used in this part, shall have the meaning ascribed to them in this section, unless the context clearly indicates otherwise:
>
>    (1) "Court" means any court of this State exercising jurisdiction over any criminal action which is punishable by confinement in the state penitentiary.
>
>    . . . .

The criminal court would be the proper place to file a petition asking for a transcript of the voir dire. The chancery court does not have jurisdiction over criminal actions. See Tenn. Code Ann. § 16-10-102. The chancery court acted correctly in denying this portion of Mr. Alcorn's petition.

## II.

Mr. Alcorn's second request is for a copy of the investigative police files in his case. He correctly cites *Memphis Publishing Co. v. Holt,* 719 S.W.2d 513 (Tenn. 1986) for the proposition that a closed investigative file of a municipal police department is a public record, subject to inspection by members of the public under Tenn. Code Ann. § 10-7-503. He has filed this portion of his petition in the proper court for judicial review of official actions which deny access to public records. See Tenn. Code Ann. § 10-7-505(b).

However, we do not believe that Tenn. Code Ann. § 10-7-503 requires that the police supply Mr. Alcorn with a copy of the file in question, nor are we aware of any other law that would require them to do so under the circumstances of this case. Tenn. Code Ann. § 10-7-503 reads in pertinent part:

> **Records open to public inspection -- Exceptions. --** (a) All state, county and municipal records . . . shall at all times, during business hours, be open for personal inspection by any citizen of Tennessee, and those in charge of such records shall not refuse such right of inspection to any citizen unless otherwise provided by state law.

- 3 -

The duty of a custodian of public records is to the public at large, rather than to particular members of the public who may feel that they have a special interest in the contents of a particular record. Of course a custodian may not erect unnecessary obstacles to make the public right of access difficult to exercise, but the right to inspect records "during business hours" in no way implies an obligation to supply copies of those records to individuals who are unable to appear in person at the place where the records are kept.

We are aware that under the authority of *Brady v. Maryland*, 373 U.S. 83, 10 L.Ed 2d 215, 83 S.Ct. 1194 (1963), and its progeny, the prosecution must, upon request, turn over to the accused any exculpatory evidence in its possession relating to the accused's guilt or innocence. This sometimes includes material contained in police investigative files. Under some circumstances, a request is not even required to trigger a prosecutor's duty to provide the defendant with exculpatory evidence. See *State v. Marshall*, 845 S.W.2d 228, 232 (Tenn.Cr.App. 1992). But the court to which the request for this information should be directed is the court in which the criminal charge is pending.

We do not believe that *Brady v. Maryland*, supra, and the line of cases that follow it imply a general right of convicted persons to the entire contents of the investigative files in their cases. Nor has Mr. Alcorn alleged that the file he seeks contains exculpatory material of any kind.

**III.**

We affirm the order of the trial court. Remand this cause to the Chancery Court of Davidson County for any further proceedings consistent with this opinion. Tax the costs of appeal to the appellant.

_____
BEN H. CANTRELL, JUDGE


CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____
WILLIAM C. KOCH, JR., JUDGE